IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Moses D. Fulton, | ) | Civil Action No.: 4:11-cv-03239-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martek Biosciences Kingstree, | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Moses D. Fulton ("Plaintiff") filed the above action against Defendant Martek Biosciences Corporation ("Defendant"), his employer, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §§ 2000e–2000e-17 (West 2012).

On August 27, 2012, Defendant filed its Motion for Summary Judgment, along with a memorandum in support. Plaintiff filed his Response on September 13, 2012, to which Defendant filed a Reply.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] [R&R, Doc. # 37.] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment and dismiss this case in its entirety. Plaintiff timely filed Objections to the R&R on February 4, 2013. [Obj., Doc. # 38.]

For the following reasons, this Court adopts the magistrate's recommendation.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

**Background**[2]

Plaintiff, a black male, worked as a manufacturing technician for Defendant beginning on December 27, 2004. Beginning in late 2006, Plaintiff began to receive corrective action notices for taking unscheduled time off; in early 2008 he was placed on three-months probation for taking excessive amounts of time off, and in 2009 he was placed on six-months probation for further abuses of the attendance policy. When he was placed on the six-month probationary period, Defendant told Plaintiff he must schedule all time off per Defendant's guidelines and could not take any time off that had not been scheduled at least seven days in advance.

Plaintiff also had non-conformance issues, accumulating several non-conformances[3] by February 2008. Defendant's technicians are expected to have ten or fewer non-conformances per quarter. Plaintiff was also written up in August 2008 for failure to follow standard operating procedures, which resulted in Defendant losing 400 kilograms of product, and received a "needs improvement" evaluation in November 2009.

From August through October 2009, Plaintiff had twenty-one non-conformances. He had five additional non-conformances in November 2009, eight in December, and eight from January 1 through January 15, 2010. As a result of his continued excessive non-conformances and in light of his past disciplinary record, Defendant terminated his employment effective January 20, 2010. From November 2007 through his termination, Plaintiff had the highest number of non-conformances on

---

[2] The facts of this case, including citations to the record, are discussed more thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 37, at 1–11.]

[3] Defendant defines a non-conformance as a production or record-keeping error on the part of a Production Operator. The record indicates that Plaintiff had persistent problems with non-conformances during his entire tenure with Defendant.

2

his shift; in 2008 and 2009 he had nearly double the number of non-conformances as the second-highest employee in the company.

## **Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *see also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). Much of Plaintiff's objections cite legal authority or reargue issues presented in front of the magistrate. To the extent these constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings.

Out of an abundance of caution, the Court will also specifically address the below objections lodged by Plaintiff.

Because Plaintiff has not presented any direct evidence of race discrimination, he proceeds under the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that burden-shifting scheme, Plaintiff has the initial burden to establish a *prima facie* case of race discrimination by showing (1) membership in a protected class; (2) adverse employment action; (3) satisfactory job performance; and (4) that similarly-situated employees outside the protected class received more favorable treatment, or the position remained open or was filled by a similarly-qualified applicant outside the protected class. *White v. BFI Waste Services, LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

If Plaintiff succeeds in establishing his *prima facie* case, the burden then shifts to Defendant to produce "a legitimate, nondiscriminatory reason for the adverse employment action." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). Assuming Defendant meets its burden of production, "the burden shifts back to [P]laintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.' " *Id.* (quoting *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 143 (2000)). The magistrate held that Plaintiff's Title VII claim failed because Plaintiff failed to prove a *prima facie* case of racial discrimination, and Plaintiff further failed to show that Defendant's legitimate reason for discharge was a pretext for racial discrimination.

In his Objections, Plaintiff contends that the magistrate judge erred in finding that Plaintiff had failed to establish a *prima facie* case of discrimination. [*See* Obj., Doc. # 38, at 4.] Specifically, Plaintiff objects to the magistrate's holding that he failed to show the third and fourth prongs of his *prima facie* case. [*Id.* at 6.]

Plaintiff argues that there is a question of fact as to whether he was meeting his employer's legitimate expectations. Plaintiff claims that another employee, Joe Weatherford, also violated the attendance policy and was not fired. [Obj., Doc. # 38, at 6.] However, this argument goes primarily to the issue of whether similarly-situated employees outside the protected class received more favorable treatment, which is discussed below. To the extent the Court examines the actions of the other employee, Weatherford had multiple tardies as opposed to Plaintiff's multiple absences. [*See* R&R, Doc. # 37, at 10.] Further, the Court agrees with the magistrate's holding that

> the issue at this juncture is not whether the termination was proper but whether Plaintiff was meeting his employer's legitimate expectations. The fact that Weatherford was [placed on probation and] not terminated for his excessive tardies does not mean that he was meeting his employer's legitimate expectations. Indeed,

> Plaintiff was also placed on probation for his attendance issues on more than one occasion. Furthermore, Plaintiff failed to meet his employer's expectations in other areas, as well. His non-conformances more than doubled the number expected by his employer and his most recent performance evaluation indicated that he was not meeting "most expectations." Thus, Plaintiff's argument regarding his attendance is inapposite here since he had failed to meet expectations in other areas as well.

[*Id*. at 15.] As he did before the magistrate, "Plaintiff also appears to argue that he had not received corrective action notices regarding his non-conformances prior to his termination and, thus, a question of fact exists as to whether he was performing at a level that met his employer's expectations." [*Id*.] However, the Court also agrees with the magistrate's disposition of this argument:

> Plaintiff had received documented coaching for non-conformances twice in 2007 and once in 2008. In addition, his November 2009 "needs improvement" evaluation noted that Plaintiff needed to reduce his "batch record non-conformances." That he had not received a corrective action notice regarding non-conformances does not indicate that he was meeting his employer's legitimate expectations in that area. He was put on notice on several occasions that he needed to reduce his number of non-conformances and Plaintiff has failed to show that this expectation was not legitimate or reasonable. Accordingly, Plaintiff fails to present sufficient evidence to meet the third requirement for a *prima facie* case of discrimination.

[*Id*. at 15–16.] Plaintiff's objection is thus overruled. Because Plaintiff has failed to show satisfactory job performance, his prima *facie case* fails and this Court need go no further in adopting the magistrate's recommendation that Defendant's Motion for Summary Judgment be granted. However, the Court will briefly address Plaintiff's remaining issue.

Plaintiff attacks the magistrate's finding that Plaintiff did not show that other employees outside the protected class were treated differently for similar behavior. [Obj., Doc. # 38, at 7–10.] Again, even accepting Plaintiff's assertion that all the supposed similarly situated employees worked under the same supervisor, the magistrate thoroughly explained why these individuals were not similarly situated:

6

It is undisputed that the employees cited by Plaintiff are outside his protected class. However, they are similarly situated in few, if any, relevant respects. They are certainly not similar in all relevant respects.

Joe Weatherford, discussed above, was an IT administrator. He had fifty or more tardies during a seven month period in 2006. He was given a two month probation. Plaintiff fails to point to any other aspects of his work performance. Weatherford is not similarly situated in that he worked in a different department, held a different position, dealt with a different supervisor and engaged in different conduct. Weatherford attendance problems involved tardies rather than absences. Furthermore, there is no evidence that Weatheford's tardies created a hardship for Defendant like Plaintiff's absences did because Plaintiff was one of only two Operators in RBD on his shift.

Nikki Lee was a Senior QC Analyst in the Quality Control Department. She left work early without permission, was disruptive and insubordinate. She received corrective action notices and probation for this behavior. Lee is not similarly situated to Plaintiff because she worked in a different department under a different supervisor, held a different position and engaged in different conduct.

Gerald Timmons was a Lead Operator who was later demoted to Manufacturing Technician I after Plaintiff's termination. He worked a different shift under a different supervisor. He received a verbal warning for on January 21, 2010 for calculation errors. For the November 2009-January 2010 quarter, Timmons received eleven non-conformances as compared to Plaintiff's twenty-one non-conformances during the same quarter. Thus, Timmons is not similarly situated because he held a different position, worked under a different supervisor and engaged in different conduct.

Matthew Evans used the word "nigger" in a conversation with an African American employee. He was suspended without pay for a week. It is not clear in the record the position held by Evans. However, he is not similarly situated to Plaintiff because he did not engage in the same conduct and Plaintiff has failed to show that he was similarly situated in any other respects.

Sparky Avant was temporarily assigned to Defendant's Winchester plant and failed to show up for work after being arrested for an alcohol-related event. He otherwise had a clean disciplinary record. He received a one week suspension for poor judgment. He is not similarly situated to Plaintiff because he engaged in different conduct. Furthermore, Plaintiff fails to show that Avant was similarly situated in any other respects.

Brian Lowder was a Warehouse Operator in the Materials Department under the supervision of Ross Hundley and Jimmy Boyington. He received a corrective action notice for careless errors, one for three absences, and another for three absences. Plaintiff is not similarly situated to Lowder because they worked in different departments under different supervisors and engaged in different conduct.

C.R. Altman, a supervisory employee, was accused of sexual harassment and admitted making inappropriate comments. He was demoted from his supervisory position and suspended without pay for a week. Plaintiff is not similarly situated to

Altman because they held different positions and engaged in different conduct. [R&R, Doc. # 37, at 16–18.]

While Plaintiff has certainly shown that some other employees outside his protected class committed Level II violations and were not fired, "[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). Plaintiff has failed to present sufficient evidence to show that the other employees were similarly situated in "all relevant respects" to satisfy the fourth element of the *prima facie* standard. *See Ward v. City of North Myrtle Beach*, 457 F.Supp.2d 625, 643 (D.S.C. 2006). Accordingly, the Court overrules Plaintiff's objection.

The magistrate also held that "Defendant has produced a legitimate, non-discriminatory reason for Plaintiff's termination, that is, his repeated, excessive non-conformances, and Plaintiff fails to show that Defendant's legitimate, non-discriminatory reason for his termination was actually pretext for a discriminatory reason." [R&R, Doc. # 37, at 19.] Plaintiff does not object to this finding. Thus, even if this Court were to adopt Plaintiff's argument and find that he had shown a *prima facie* case, Defendant would still be entitled to summary judgment as it produced a legitimate reason for Plaintiff's termination. To the extent Plaintiff's objections can be read as an objection to the magistrate's findings on this point, the Court has conducted a *de novo* review and adopts the R&R on this issue for the reasons stated by the magistrate. As the magistrate explained, it is not necessary for this Court to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for Defendant's decision. *Hawkins v. Pepsico*, 203 F.3d 274, 279 (4th Cir. 2000).

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 20] is **GRANTED**, and this case is **DISMISSED** *with prejudice* in its entirety.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 4, 2013